UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUANELL JACKSON,

                              Plaintiff,

            -against-                                    26 Civ. 268 (JHR)

THE CITY OF NEW YORK; THE NEW YORK            ORDER OF SERVICE
CITY DEPARTMENT OF CORRECTIONS;
C.O. WILSON; RIKER'S ISLAND
CORRECTIONAL FACILITY,

                              Defendants.

JENNIFER H. REARDEN, United States District Judge:

      Plaintiff, who currently is incarcerated at Marcy Correctional Facility, brings this action,

*pro se*, under 42 U.S.C. § 1983.  Plaintiff principally alleges that Defendants failed to protect him

from being attacked by another person in custody when he was a detainee at the Anna M. Kross

Center on Rikers Island.  By Order dated January 22, 2026, the Court granted Plaintiff's request

to proceed *in forma pauperis*, that is, without prepayment of fees.[1]  For the reasons set forth

below, the Court: (1) dismisses Plaintiff's claims against the New York City Department of

Correction (the "DOC") and "Riker's Island Correctional Facility"; and (2) requests that the City

of New York and Correction Officer Wilson waive service of summons.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(b)(1).  "The Court . . . assess[es] and, when funds exist, collect[s], as a partial payment of any court fees required by law, an initial partial fee of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  *Id.*

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A.      Claims against DOC**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status, the Court will construe any allegations asserted against the DOC as being asserted against the City of New York, which is also a named Defendant in this action.

**B.    Claims against Rikers Island Correctional Facility**

It is unclear whether Plaintiff intended to name Rikers Island Correctional Facility as a separate Defendant.  To the extent he seeks to assert federal constitutional claims under 42 U.S.C. § 1983 against this Defendant, those claims must be dismissed because the correctional facilities on Rikers Island are not suable under Section 1983.  *See Farray v. Riker's Island Corr. Facil.*, No. 12-CV-4717, 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) (holding that "Rikers Island Correctional Facility" is "a non-suable entity" because it is not a "person" within the meaning of Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (holding that "a jail is not an entity that is amenable to suit" and collecting cases).  The Court therefore dismisses Plaintiff's claims against Rikers Island Correctional Facility for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Waiver of service**

The Clerk of Court is directed to electronically notify the DOC and the New York City Law Department of this Order.  The Court requests that the City of New York and Correction Officer Wilson waive service of summons.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the New York City Department of Correction and Rikers Island Correctional Facility for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the City of New York and Correction Officer Wilson waive service of summons.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 20, 2026
         New York, New York

                                      _____

                                        JENNIFER H. REARDEN
                                        United States District Judge